UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED SPECIALTY INSURANCE COMPANY,   Civil Case No.: _____

                              Plaintiff,   **COMPLAINT FOR**
                                                **DECLARATORY**
      v.   **JUDGMENT WITH**
                                                  **JURY DEMAND**

REPUBLIC-FRANKLIN INSURANCE COMPANY and
GUIDEONE NATIONAL INSURANCE COMPANY,

                               Defendants.
------------------------------------------------------------------------x

       Plaintiff, UNITED SPECIALTY INSURANCE COMPANY ("USIC"), by and through its attorneys, STEWART SMITH, allege the following as its Complaint for Declaratory Judgment against defendants REPUBLIC-FRANKLIN INSURANCE COMPANY ("RFIC") and GUIDEONE NATIONAL INSURANCE COMPANY ("Guideone"):

## Nature Of The Action

       1.     This is an action for declaratory relief and contribution arising from the breach of RFIC's and GuideOne's obligations to provide additional insured coverage under a general liability insurance policy and an excess liability insurance policy that were issued to non-party Emerald Tile & Marble Inc. ("Emerald"), in connection with a construction site accident involving an Emerald employee, non-party Zaida Panora, and her subsequent lawsuit.

       2.     Emerald was a subcontractor that contracted to perform certain construction work at a project located at 435 Hudson Street, in New York, New York (the "Project"). In its subcontract, Emerald agreed to provide primary and non-contributory additional insured coverage for non-parties Darby Construction Services LLC ("Darby") and Trinity Hudson Holdings, LLC ("Trinity"), both of which were subsequently sued by Emerald's employee, Zaida Panora, who was allegedly injured while working at the Project.

3.      A third-party complaint against Emerald in the *Panora* lawsuit alleges that if Ms. Panora was injured, such injury was caused by Emerald's negligence.

4.      RFIC issued a commercial general liability ("CGL") policy to Emerald, and GuideOne issued an excess liability policy to Emerald (collectively, the "Policies"), which were both in effect on the date of Ms. Panora's alleged injury.

5.      RFIC and GuideOne are obligated to provide additional insured coverage to Darby and Trinity in connection with the *Panora* lawsuit, but they have breached their insurance policies, and they have failed to acknowledge that Darby and Trinity are additional insureds under their insurance policies in connection with the *Panora* lawsuit.

6.      Additionally, as the primary insurer, RFIC is obligated to defend and indemnify Darby and Trinity in the *Panora* lawsuit, but it has breached its obligations and failed to do so.

7.      Critically, while RFIC conceded, in response to an initial July 5, 2023 tender, that "there is potential coverage available under the [RFIC CGL policy's] Additional Insured endorsement," it nonetheless claimed that Darby had "not yet satisfied its burden of proving entitlement to coverage."

8.      GuideOne never responded to the July 5, 2023 tender, and neither RFIC nor GuideOne ever responded to a subsequent February 15, 2024 tender, or any further follow-ups, made on behalf of Darby and Trinity.

9.      Therefore, RFIC and GuideOne have violated N.Y. Insurance Law § 3420(d)(2), and they are therefore estopped from relying upon any policy exclusions to disclaim coverage under their insurance policies.

10. USIC issued a CGL policy to its named insured, Darby, and USIC has been providing a defense to Darby and Trinity in the *Panora* lawsuit, despite RFIC's primary and non-contributory obligation to do so.

11. USIC seeks a declaration pursuant to 28 U.S.C. § 2201, *et seq.*, declaring (1) that Darby and Trinity are additional insureds under the RFIC and GuideOne liability policies and requiring that RFIC defend Darby and Trinity on a primary, non-contributory basis in the *Panora* lawsuit; (2) requiring that RFIC and GuideOne pay any verdict, judgment or settlement in the *Panora* lawsuit on Darby's and Trinity's behalf on a primary and non-contributory basis; and (3) requiring that RFIC reimburse USIC for all costs that it has incurred in defending Darby and Trinity in the *Panora* lawsuit, from the date of first tender of the Lawsuit to the present, including interest from the date of USIC's payment of each invoice, at the statutory rate of nine percent (9%) per year.

**The Parties**

12. Plaintiff, USIC, is and at all pertinent times was a foreign business corporation, duly organized under the laws of the State of Delaware, with its principal place of business located in Bedford, Texas. USIC is authorized to conduct, and does conduct, business in the State of New York.

13. USIC is eligible to write surplus lines insurance in the state of New York.

14. USIC issued a CGL policy to Darby in New York, and it is currently defending Darby and Trinity in the *Panora* lawsuit.

15. Defendant, RFIC, is and at all pertinent times was a foreign corporation, duly organized under the laws of the State of Ohio, with its principal place of business located in Utica, New York. RFIC is authorized to conduct, and does conduct, business in New York.

3

16. RFIC issued a CGL insurance policy to Emerald.

17. Defendant, GuideOne, is and at all pertinent times was a foreign corporation, duly organized under the laws of the State of Iowa, with its principal place of business located in West Des Moines, Iowa. GuideOne is authorized to conduct, and does conduct, business in New York.

18. GuideOne issued an excess liability insurance policy to Emerald.

## Jurisdiction And Venue

19. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201, because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant insurance policies.

20. Personal jurisdiction over RFIC is proper, in that it transacts and/or conducts insurance business in the State of New York.

21. Personal jurisdiction over GuideOne is proper, in that it transacts and/or conducts insurance business in the State of New York.

22. Venue is proper under 28 U.S.C.A. § 1391, because the accident alleged in the *Panora* lawsuit giving rise to the instant insurance coverage lawsuit took place within this district, and because the *Panora* lawsuit was filed in New York County, within this district.

## The *Panora* Lawsuit

23. USIC seeks a declaratory judgment concerning RFIC's and GuideOne's coverage obligations with respect to Ms. Panora's lawsuit, captioned *Zaida Panora v. Darby Construction Services LLC, et al.*, filed at Index No. 153192/2023, in the Supreme Court of the State of New York in New York County (the "Lawsuit"). *See Panora* Second Amended Verified Complaint (the "*Panora* Complaint") [NYSCEF No. 24] (true and correct copy attached as **Exhibit A**).

24. In her Lawsuit, Ms. Panora alleges that she was seriously injured on February 25, 2023, when she "fell from a height/elevation" at the Project located at 435 Hudson Street in New York, New York, because of the defendants' alleged negligence, carelessness and recklessness, in particular, in "knowingly permitting, suffering and allowing a dangerous, trap like condition to be present" at the Project. *See* **Exhibit A** (*Panora* Complaint), ¶¶ 95-99.

25. At the time of her alleged accident, Ms. Panora was performing construction work in the course of her employment with Emerald.

26. The Amended Third-Party Complaint in the *Panora* Lawsuit (the "*Panora* Third-Party Complaint") alleges that "if Plaintiff sustained injuries and damages in the manner alleged in Plaintiff's pleadings, such injuries and damages were caused by reason of the negligence, carelessness, recklessness, and violation of applicable rules, ordinances, laws, regulations, and statutes of … Emerald, their agents, servants, and/or employees, which supervised, caused and/or permitted to exist conditions at [the Project] that constituted, caused, or contributed to the injuries in Plaintiff's pleadings." *See Panora* Third-Party Complaint, ¶ 42 [NYSCEF Doc. No. 29] (true and correct copy attached as **Exhibit B**).

27. The *Panora* Third-Party Complaint further alleges that, pursuant to its contract with Darby, Emerald was responsible for supervising its workforce and ensuring that its employees wear all proper PPE on site. *See* **Exhibit B** (*Panora* Third-Party Complaint), ¶ 17.

28. The *Panora* Third-Party Complaint further alleges that Emerald exercised control over the area at the place of the occurrence referred to in Plaintiff's pleadings. *See* **Exhibit B** (*Panora* Third-Party Complaint), ¶ 18.

29. The *Panora* Third-Party Complaint further alleges that Emerald was responsible for providing Plaintiff with safety equipment, providing all equipment required to perform the

5

scope of work, and for cleaning, removing waste materials and rubbish from the premises and surrounding areas. *See* **Exhibit B** (*Panora* Third-Party Complaint), ¶ 19.

30. The *Panora* Third-Party Complaint further alleges that Emerald was responsible for keeping the premises and surrounding area from accumulation of waste material and rubbish caused by its operations and any of its employees or subcontractors at the place of the occurrence referred to in Plaintiff's Pleadings. *See* **Exhibit B** (*Panora* Third-Party Complaint), ¶ 19.

31. The *Panora* Third-Party Complaint further alleges that Emerald performed work and services at the place of the occurrence referred to in Plaintiff's pleadings, and that such work was under the direct supervision and control of Emerald. *See* **Exhibit B** (*Panora* Third-Party Complaint), ¶¶ 20-21.

32. The *Panora* Third-Party Complaint further alleges that Plaintiff's injury arose out of the performance of Emerald's work, as well as Emerald's negligent supervision, training, hiring and failure to perform job duties and provide safety equipment. *See* **Exhibit B** (*Panora* Third-Party Complaint), ¶¶ 22-23.

## The Darby-Emerald Agreement

### Emerald's Additional Insured Obligations

33. Prior to Ms. Panora's alleged accident, on or about September 30, 2022, contractor Darby and subcontractor Emerald executed an agreement described as Purchase Order #22-027-03 Terms and Conditions (the "Agreement") for Emerald to perform certain work at the Project. *See* Agreement [NYSCEF No. 15] (true and correct copy attached as **Exhibit C**).

34. The scope of Emerald's work under the Agreement included its provision of its own scaffolding to perform its work on the Project. *See* **Exhibit C** (Agreement), at 1 (Emerald shall "*[p]rovide scaffolding and/or lifts* as required for own scope of work").

35. Thus, to the extent that Ms. Panora's injury was caused by the condition of scaffolding used by Emerald, the Agreement makes clear that such scaffolding was Emerald's own scaffolding, for which it was responsible.

36. Additionally, the Agreement requires, *inter alia*, that Emerald "shall be responsible for initiating, maintaining and supervising all safety precautions and programs in connection with the performance of its Work."  *See* **Exhibit C** (Agreement), ¶ 5.

37. Under the Agreement, Emerald agreed and was required to provide additional insured coverage for both Darby and owner Trinity, on a primary and non-contributory basis, specifically as follows:

> **¶17.1** The Subcontractor's [Emerald's] insurance shall include contractual liability coverage and additional insured coverage for the benefit of the Contractor [Darby], property owner [Trinity] and anyone else the property owner is required to name (as set forth in the schedule below), and shall specifically include coverage for completed operations. Contractor [Darby] shall be endorsed as Additional Insured pursuant to forms CG 20 10 10 01 and CG 20 37 10 01 or their equivalents. The insurance required to be carried by the Subcontractor [Emerald] and any sub-subcontractors shall be PRIMARY AND NON-CONTRIBUTORY. With respect to each type of insurance specified hereunder, the Contractor's [Darby's] and property owner's [Trinity] insurances shall be excess to Subcontractor's [Emerald's] insurance.

*See* **Exhibit C** (Agreement), ¶ 17.1.

38. The Agreement also requires that Emerald shall maintain Commercial General Liability ("CGL") insurance with minimum limits of $1 million per occurrence and $2 million aggregate, and Umbrella/Excess Liability Insurance with a limit of $5 million per occurrence and general aggregate of $5 million.  *See* **Exhibit C** (Agreement), ¶¶ 17.4 (a) & (d).

39. At all pertinent times, it was Emerald's, Darby's and Trinity's intention that Darby and Trinity would be included as additional insureds under CGL and umbrella/excess insurance policies issued to Emerald; that such additional insured coverage would be primary and non-contributory; and that Darby's and Trinity's own insurance would be excess to Emerald's insurance.

7

**Emerald's Indemnification Obligations**

40. Under the Agreement, Emerald also agreed and was required to undertake certain indemnification obligations for Darby and Trinity, for claims attributable to bodily injury, "*arising out of or resulting from the work covered by the contract* to the extent such work was performed by or contracted through the Subcontractor [Emerald] or by anyone for whose acts the Subcontractor [Emerald] may be liable":

> **Indemnification**
>
> **16.** In consideration of the contract for work entered into by the Contractor [Darby] and Subcontractor [Emerald], and to the fullest extent permitted by law, the Subcontractor [Emerald] shall defend and shall indemnify, and hold harmless, at Subcontractor's [Emerald's] sole expense, the Contractor [Darby] all entities the Contractor [Darby] is required to indemnify and hold harmless, the owner of the property [Trinity], and the officers, directors, agents, employees, successors and assigns of each of them from and against all liability or claimed liability for bodily injury or death to any person(s), and for any and all property damage or economic damage, including all attorney fees, disbursements and related costs, arising out of or resulting from the work covered by the contract to the extent such work was performed by or contracted through the Subcontractor [Emerald] or by anyone for whose acts the Subcontractor [Emerald] may be liable, excluding only liability created by the sole and exclusive negligence of the indemnified parties. This indemnity agreement shall survive the completion of the work specified in the contract for that work.

*See* **Exhibit C** (Agreement), ¶ 16.

## THE INSURANCE POLICIES

### The RFIC CGL Policy

41. RFIC issued CGL insurance policy number CPP 5426718 to Emerald, for the policy period from January 22, 2023 to January 22, 2024 (the "RFIC CGL Policy"). *See* Emerald Certificate of Liability Insurance ("COI") (true and correct copy attached as **Exhibit D**).

42. The RFIC CGL Policy has limits of insurance in the amount of $1 million per occurrence, and $2 million general aggregate. *See* **Exhibit D** (Emerald COI).

43. The RFIC CGL Policy was in force and effect on February 25, 2023, the date of the accident alleged in the *Panora* Lawsuit.

44. As noted above, Emerald agreed in writing in a written agreement that its CGL policy shall name Darby and Trinity as additional insureds on a primary and non-contributory basis.

45. Because Emerald agreed in the Agreement to provide additional insured coverage for Darby and Trinity, the RFIC CGL Policy provides primary and non-contributory additional insured coverage for Darby and Trinity, both of whom were sued by the plaintiff in the Lawsuit.

46. To the extent that the RFIC CGL Policy's additional insured provision provides such coverage only for bodily injury that is "caused, in whole or in part" by acts or omissions by or on behalf of Emerald, the Amended Third-Party Complaint against Emerald alleges that its negligence caused Ms. Panora's injuries. *See* **Exhibit B** (*Panora* Third-Party Complaint), ¶ 42; ¶¶ 17-23.

47. Specifically, the Amended Third-Party Complaint alleges (1) that pursuant to its contract with Darby, Emerald was responsible for supervising its workforce and ensuring that its employees wear all proper PPE on site; (2) that Emerald exercised control over the area at the place of the occurrence referred to in Plaintiff's pleadings; (3) that Emerald was responsible for providing Plaintiff with safety equipment, providing all equipment required to perform the scope of work, and for cleaning, removing waste materials and rubbish from the premises and surrounding areas; (4) that Emerald was responsible for keeping the premises and surrounding area from accumulation of waste material and rubbish caused by its operations and any of its employees or subcontractors at the place of the occurrence referred to in Plaintiff's Pleadings; (5) that Emerald performed work and services at the place of the occurrence referred to in Plaintiff's pleadings, and that such work was under the direct supervision and control of Emerald; and (6) that Plaintiff's injury arose out of the performance of Emerald's work, as well as Emerald's negligent supervision,

9

training, hiring and failure to perform job duties and provide safety equipment. *See* **Exhibit B** (*Panora* Third-Party Complaint), ¶¶ 17-23.

48. Therefore, Darby and Trinity qualify as additional insureds under the RFIC CGL Policy in connection with Emerald's employee's, Zaida Panora's, alleged injury.

49. Likewise, the RFIC CGL Policy also provides coverage for Darby's and Trinity's tort liability that was assumed by Emerald in the indemnification provision in its Agreement with Darby. *See* **Exhibit C** (Agreement), ¶ 16.

## The GuideOne Excess Liability Policy

50. GuideOne issued excess liability insurance policy number 71E000136-00 to Emerald for the policy period from January 22, 2023 to January 22, 2024 (the "GuideOne Excess Policy"). *See* **Exhibit D** (Emerald COI).

51. The GuideOne Excess Policy was in force and effect on February 25, 2023, the accident date alleged in the *Panora* Lawsuit.

52. The GuideOne Excess Policy has limits of insurance in the amount of $5 million per occurrence, and $5 million general aggregate. *See* **Exhibit D** (Emerald COI).

## The USIC CGL Policy

53. Plaintiff USIC issued CGL policy number PSS2201794 to Darby, for the policy period from November 19, 2022 to November 19, 2023.

54. Because RFIC breached its additional insured obligations under the RFIC CGL Policy, USIC has been incurring costs defending both Darby and Trinity in the *Panora* Lawsuit.

## Tenders To RFIC and GuideOne

55. By letter dated July 5, 2023, defense counsel first tendered the claim to RFIC and GuideOne, seeking defense, indemnification and additional insured status under the RFIC CGL

and GuideOne Excess Policies. *See* Tender Letter dated July 5, 2023, from Lee Tarr, Esquire to Emerald, RFIC and GuideOne (the "July 5, 2023 Tender Letter") (true and correct copy attached as **Exhibit E**).

56. Copies of the complaint in the *Panora* Lawsuit, the Darby-Emerald Agreement and the Emerald COI were also sent to RFIC and GuideOne with the July 5, 2023 Tender Letter. *See* **Exhibit E** (July 5, 2023 Tender Letter).

57. Following RFIC's receipt of the July 5, 2023 Tender Letter, it disclaimed coverage for the Lawsuit, by letter dated August 3, 2023. *See* Disclaimer Letter dated August 3, 2023, from Christina Carboine (RFIC) to Lee Tarr, Esquire (the "August 3, 2023 Disclaimer Letter") (true and correct copy attached as **Exhibit F**).

58. Specifically, RFIC disclaimed coverage because it contended that "Darby has not yet satisfied its burden of proving entitlement to coverage." *See* **Exhibit F** (August 3, 2023 Disclaimer Letter), at 1.

59. While conceding that "there is potential coverage available under [the RFIC CGL Policy's] Additional Insured endorsement," RFIC nonetheless failed to provide such additional insured coverage on the purported basis that the complaint in the Lawsuit "does not contain any allegation, nor [has Darby] presented any evidence, that Plaintiff's injuries were caused in whole or in part by the acts or omissions of Emerald." *See* **Exhibit F** (August 3, 2023 Disclaimer Letter), at 3.

60. GuideOne never responded to the July 5, 2023 Tender Letter.

61. By letter dated February 15, 2024, defense counsel re-tendered the claim to RFIC and GuideOne, seeking defense, indemnification and additional insured status for Darby and Trinity under the RFIC CGL and GuideOne Excess Policies, and advising them that a third-party

action had been filed against Emerald. *See* Re-Tender Letter dated February 15, 2024, from Lee Tarr, Esquire to Emerald, Christina Carboine (RFIC), GuideOne, and Emerald's defense counsel (the "February 15, 2024 Re-Tender Letter") (true and correct copy attached as **Exhibit G**).

62. RFIC received the February 15, 2024 Re-Tender Letter on February 17, 2024. *See* Certified Mail Receipt for RFIC (true and correct copy attached as **Exhibit H**).

63. GuideOne received the February 15, 2024 Re-Tender Letter on February 20, 2024. *See* USPS Tracking for Certified Mail for GuideOne (true and correct copy attached as **Exhibit I**).

64. Neither RFIC nor GuideOne responded to the February 15, 2024 Re-Tender Letter.

65. As of the date of the filing of this complaint in this declaratory judgment action, RFIC and GuideOne have still failed to formally respond to – or even formally acknowledge – the February 15, 2024 Re-Tender Letter.

66. Nonetheless, upon information and belief, RFIC has assigned defense counsel for Emerald, which has been defending Emerald in the Lawsuit, since June 2024.

67. Coverage counsel for USIC sent a final letter dated February 21, 2025 to RFIC, seeking reconsideration of the erroneous tender denial, on behalf of Darby and Trinity. *See* Final Letter dated February 21, 2025, from Nancy S. Portney, Esquire to Christina Carboine (RFIC) (the "February 21, 2025 Final Letter") (true and correct copy attached as **Exhibit J**).

68. As of the date of the filing of this complaint in this declaratory judgment action, RFIC has failed to formally respond to – or even formally acknowledge – coverage counsel's February 21, 2025 Final Letter seeking reconsideration.

69. RFIC has breached its contractual obligations by failing to provide additional insured coverage and defense and indemnification for Darby and Trinity in the *Panora* Lawsuit.

70. RFIC has violated NY Insurance Law § 3420(d)(2), by failing to respond to the Re-Tender Letter for the Lawsuit within thirty (30) days of receipt, and it has thereby waived any exclusions that may otherwise have applied to preclude coverage for Darby and Trinity under the RFIC CGL Policy.

71. GuideOne has violated NY Insurance Law § 3420(d)(2), by failing to respond to either tender letter for the Lawsuit within thirty (30) days of receipt, and it, too, has thereby waived any exclusions that may otherwise have applied to preclude coverage for Darby and Trinity under the GuideOne Excess Policy.

72. USIC has no adequate remedy at law, and it respectfully requests a declaration of its rights and those of RFIC and GuideOne, including, but not limited to, a declaration (1) that Darby and Trinity are additional insureds under the RFIC CGL and GuideOne Excess Policies and requiring that RFIC defend Darby and Trinity on a primary, non-contributory basis in the *Panora* Lawsuit; (2) requiring that RFIC and GuideOne pay any verdict, judgment or settlement in the *Panora* Lawsuit on Darby's and Trinity's behalf on a primary and non-contributory basis; and (3) requiring that RFIC reimburse USIC for all costs that it has incurred in defending Darby and Trinity in the *Panora* Lawsuit, from the date of first tender of the claim to RFIC (*i.e.*, from July 5, 2023), including interest from the date of USIC's payment of each invoice, at the statutory rate of nine percent (9%) per year.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment – Duty to Defend Additional Insureds**
**Darby and Trinity in the *Panora* Lawsuit)**

73. USIC repeats and realleges each and every allegation made in paragraphs designated "1" through "72" inclusive, with the same force and effect as if set forth herein.

74. Darby and Trinity qualify as additional insureds under the RFIC CGL and GuideOne Excess Policies.

75. The allegations in the *Panora* Lawsuit against Darby and Trinity (including the allegations against Emerald) are covered within the terms of the RFIC CGL and GuideOne Excess Policies.

76. Pursuant to the terms of the RFIC CGL Policy and under the application of New York law, RFIC has an obligation to defend Darby and Trinity in the *Panora* Lawsuit, on a primary and non-contributory basis, as additional insureds under the RFIC CGL Policy.

77. Pursuant to the terms of the RFIC CGL Policy and under the application of New York law, RFIC has a separate obligation to defend Darby and Trinity in the *Panora* Lawsuit because its named insured, Emerald, assumed the tort liability of Darby and Trinity in the Agreement, which is an "insured contract" under the RFIC CGL Policy.

78. Darby and Trinity timely demanded that RFIC defend and indemnify them against the claims asserted against them in the *Panora* Lawsuit, on a primary, non-contributory basis.

79. RFIC has failed, and continues to fail, to defend Darby and Trinity in the *Panora* Lawsuit.

80. As a direct result of RFIC's failure to defend Darby and Trinity in the *Panora* Lawsuit on a primary and non-contributory basis, USIC has incurred costs defending Darby and Trinity in the *Panora* Lawsuit, when it was RFIC's primary and non-contributory obligation to do so.

81. Based on the foregoing, USIC respectfully requests a judgment declaring that Darby and Trinity are additional insureds under the RFIC CGL and GuideOne Excess Policies,

and requiring RFIC to defend Darby and Trinity in the *Panora* Lawsuit, on a primary and non-contributory basis.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Declaratory Judgment – Duty to Indemnify for the *Panora* Lawsuit)**

82. USIC repeats and realleges each and every allegation made in paragraphs designated "1" through "81" inclusive, with the same force and effect as if set forth herein.

83. Pursuant to the terms of the RFIC CGL and GuideOne Excess Policies and under the application of New York law, RFIC and GuideOne have an obligation to indemnify Darby and Trinity in the *Panora* Lawsuit, on a primary and non-contributory basis, as additional insureds under the RFIC CGL and GuideOne Excess Policies, for all amounts for which Darby and Trinity become legally obligated to pay as damages because of bodily injury in connection with the *Panora* Lawsuit.

84. Pursuant to the terms of the RFIC CGL and GuideOne Excess Policies and under the application of New York law, RFIC and GuideOne also have a separate obligation to indemnify Darby and Trinity in the *Panora* Lawsuit because their named insured, Emerald, assumed the tort liability of Darby and Trinity in the Agreement, which is an "insured contract" under the RFIC CGL and GuideOne Excess Policies.

85. RFIC has failed, and continues to fail, to defend Darby and Trinity in the *Panora* Lawsuit.

86. Based on the foregoing, USIC respectfully requests a judgment declaring that RFIC and GuideOne are obligated to indemnify Darby and Trinity in connection with the *Panora* Lawsuit, on a primary and non-contributory basis and requiring that RFIC and GuideOne pay any verdict, judgment or settlement in the *Panora* Lawsuit on Darby's and Trinity's behalf, on a primary and non-contributory basis.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Declaratory Judgment – Reimbursement of Defense and Indemnity Costs**
**for the *Panora* Lawsuit)**

87. USIC repeats and realleges each and every allegation made in paragraphs designated "1" through "86" inclusive, with the same force and effect as if set forth herein.

88. Pursuant to the terms of the RFIC CGL and GuideOne Excess Policies and under the application of New York law, RFIC has an obligation to defend Darby and Trinity in the *Panora* Lawsuit, on a primary and non-contributory basis.

89. USIC has incurred, and continues to incur, expenses including, but not limited to, attorneys' fees and other costs in connection with its defense of Darby and Trinity in the *Panora* Lawsuit, when it was RFIC's primary and non-contributory obligation to do so.

90. USIC is entitled to reimbursement by RFIC of all of the attorneys' fees and other costs incurred in connection with its defense of Darby and Trinity in the *Panora* Lawsuit, from the date of first tender of the claim to RFIC (*i.e.*, from July 5, 2023), together with interest from the date of USIC's payment of each invoice, at the statutory rate of nine percent (9%) per year.

91. Based on the foregoing, USIC respectfully requests a judgment declaring that RFIC is obligated to reimburse USIC for all of the attorneys' fees and costs incurred defending Darby and Trinity in the *Panora* Lawsuit, from the date of first tender of the claim to RFIC (*i.e.*, from July 5, 2023), together with interest from the date of USIC's payment of each invoice, at the statutory rate of nine percent (9%) per year.

**DEMAND FOR JURY TRIAL**

92. USIC hereby demands a trial by jury in this action for all issues triable by jury.

**WHEREFORE**, Plaintiff USIC hereby demands judgment against RFIC and GuideOne, and a declaration as follows:

a. Declaring that Darby and Trinity are additional insureds under the RFIC CGL and GuideOne Excess Policies with respect to the *Panora* Lawsuit;

b. Requiring that RFIC defend Darby and Trinity in the *Panora* Lawsuit, on a primary and non-contributory basis;

c. Requiring that RFIC and GuideOne indemnify Darby and Trinity in connection with the *Panora* Lawsuit, on a primary and non-contributory basis, by paying any verdict, judgment or settlement in the *Panora* Lawsuit on Darby's and Trinity's behalf; and

d. Requiring that RFIC reimburse USIC for all of the attorneys' fees and costs that USIC has incurred by defending Darby and Trinity in the *Panora* Lawsuit, from the date of first tender of the claim to RFIC (*i.e.*, from July 5, 2023), together with interest from the date of USIC's payment of each invoice, at the statutory rate of nine percent (9%) per year;

e. Awarding USIC the costs of suit incurred herein; and

f. Awarding USIC such other and further relief as this Court deems just and proper.

Dated: March 19, 2025
West Conshohocken, Pennsylvania

                      STEWART SMITH

                      By:     /s/ Nancy S. Portney
                          Nancy S. Portney (NY Bar #5726880)
                          300 Four Falls Corporate Center, Suite 670
                          West Conshohocken, PA  19428
                          Phone: 484-344-5323
                          Fax:    484-534-9470
                          Email: nportney@StewartSmithLaw.com
                          *Attorneys for Plaintiff,*
                          *United Specialty Insurance Company*